IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 06-0946-CV-W-REL ) |
| NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, PA, and KANSAS CITY POWER & LIGHT, | ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

Before the court is a motion by defendant National Union Insurance Company to compel production of documents which plaintiff claimed were protected by the work-product doctrine. Because there is no evidence before me to support the claim that these documents were made in anticipation of litigation, and because the work product doctrine does not protect documents from disclosure simply because they contain an attorney's name or were prepared after an attorney was retained, I find that plaintiff has failed to satisfy its burden of establishing that the documents are nondiscoverable due to the work product doctrine. Therefore, defendant's motion to compel production of documents will be granted.

*I. BACKGROUND*

On February 1, 2008, National Union filed a motion to compel production of 20 documents which were listed on plaintiff's

privilege log as being protected by the work product doctrine. On February 19, 2008, plaintiff filed a response, arguing that the documents were prepared in anticipation of litigation and are therefore protected by the work product doctrine. On March 5, 2008, National Union filed its reply, arguing that the descriptions of the documents and their subject matter on the privilege log indicate that the documents were created in the ordinary course of plaintiff's business of adjusting the claim and not in anticipation of litigation.

On February 20, 2008, I entered an order directing plaintiff to produce the documents for en camera review and setting a hearing on the motion for March 10, 2008. The order included the following: "The parties are reminded that the one claiming a privilege has the burden of establishing that the privilege applies to each document." On March 4, 2008, I sent a letter to the parties suggesting that the evidence presented during the hearing include the following:

- The date counsel was formally obtained
- The date of retention of a law firm to conduct its own investigation
- If and when settlement negotiations ensued
- Who created each document
- At whose direction each document was created
- Who received each document
- When each document was prepared
- The nature of each document
- the document's role in counsel's asserted deliberative process
- Exactly what type of privilege is believed to apply to each document (i.e., work product, attorney/client)

2

The following day, plaintiff filed a motion to continue the hearing to March 26, 2008. On March 6, 2008, that motion was granted, and the hearing was reset for March 26, 2008.

Plaintiff appeared at the hearing through counsel, Robert Cockerham. Defendant was present through counsel, Malcolm Reilly. Co-defendant Kansas City Power & Light was represented by counsel Robin Carlson and Brian O'Bleness. No evidence was presented at the hearing. Instead, plaintiff's counsel made the following representations:

- Pages 2 through 6 and 21-26[1] of the documents submitted en camera are earlier versions of documents the defendants already have.

- Pages 7 through 20 of the documents submitted en camera include both the work product doctrine and the attorney client privilege[2] where the document references conversations with legal counsel. Counsel indicated the actual content of the document is already possessed by the defendants, that it is the way Travelers keeps its records that is a trade secret. Counsel offered to redact the document and allow the defendants to have it, subject to a protective order.[3]

---

[1]The pages of all the documents presented for en camera review were numbered 1-79.

[2]It was aptly noted during the hearing that plaintiff did not assert the attorney-client privilege as to any of these documents in its privilege log.

[3]Defendant National Union stated that Bill Schoenborn said during his deposition that he made the entries and his deposition testimony implies that it was made during the ordinary course of business. Defendant KCP&L stated that in its summary judgment motion, Travelers indicated that it did not anticipate making subrogation payments, which is inconsistent with this claim that the document was prepared in anticipation of litigation.

3

- Pages 45 through 63 of the documents submitted en camera were prepared in anticipation of litigation between KCP&L and Travelers and the potential subrogation down the road. There are references to Clausen Miller, the law firm.

- Pages 64 through 79 of the documents submitted en camera should not have been the subject of an objection. Plaintiff's counsel voluntarily withdrew his objection to turning over this document.

## II. WORK PRODUCT DOCTRINE

The work product doctrine was established in Hickman v. Taylor, 329 U.S. 495 (1947), and is now expressed in Rule 26(b)(3), Federal Rules of Civil Procedure, which reads as follows:

> (3) Trial Preparation: Materials.
>
>   (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
>     (i) they are otherwise discoverable under Rule 26(b)(1); and
>
>     (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
>   (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

4

The work product doctrine was designed to prevent "unwarranted inquiries into the files and mental impressions of an attorney," and recognizes that it is "essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Hickman v. Taylor, 329 U.S. at 510-11. The purpose of the doctrine is to protect the adversarial process by allowing an attorney a degree of privacy in preparing for litigation; by eliminating a disincentive to reduce thoughts to writing; by encouraging thorough investigation and case development; and by discouraging inefficiency, unfairness, and sharp practices. Hickman v. Taylor, 329 U.S. at 510-11; In re Murphy, 560 F.2d 326, 333 (8th Cir. 1977). The work product doctrine is designed to balance the needs of the adversary system to promote an attorney's preparation in representing a client against society's interest in revealing all true and material facts relevant to the resolution of a dispute. Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 732 (8th Cir. 2002).

In federal court, work product immunity is determined by federal law. Baker v. General Motors Corp., 209 F.3d 1051, 1053 (8th Cir. 2000). Whether documents were prepared in anticipation of litigation is "clearly a factual determination". Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987). The test is "whether, in light of the nature of the document and the

5

factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation." Id.

A party objecting to discovery on the ground of privilege has the burden of establishing the existence of privilege. Pleasant Hill Bank v. Unites States, 58 F.R.D. 97, 101 (W.D. Mo. 1973). Because the question of whether a document was prepared in anticipation of litigation is a factual determination, the court must have evidence with which to make that determination. In McFadden v. Norton Company, 118 F.R.D. 625, 629 (D. Neb. 1988), the judge noted a lack of evidence to support the claim of work product:

> I suspect there are many similarities between cases brought pursuant to the FELA and cases involving personal injuries to employees and subsequent claims brought against manufacturers of products alleged to have been at fault. Those similarities, however, are not before me in the record as it now stands, and I cannot assume that they are such as to justify extending the holding of Almaquer to the situation of this case. I therefore decline the defendant's invitation to simply presume an anticipation of litigation based solely upon the notice from the insurance adjuster that reimbursement would be sought from the defendant for the workmen's compensation benefits paid to the plaintiff McFadden.
>
> I conclude based on the foregoing that the defendant has not established the anticipation of litigation necessary to protect the Dew report from discovery under Rule 26(b)(3). Therefore, because the report is not trial preparation

6

material, its contents are not "such materials" prepared in anticipation of litigation, so as to protect from discovery any mental impressions, conclusions, or opinions contained therein.

Documents containing information provided by an attorney or after the threat of litigation are not automatically protected from disclosure by the work product doctrine. In <u>Simon v. G.E. Searle & Co.</u>, 816 F.2d 397, 400-401 (8th Cir. 1987), the court found that risk management documents containing products liability litigation reserve information based on reserve estimates obtained from Searle's legal department were not prepared in anticipation of litigation.

> When Searle receives notice of a claim or suit, a Searle attorney sets a case reserve for the matter. Case reserves embody the attorney's estimate of anticipated legal expenses, settlement value, length of time to resolve the litigation, geographic considerations, and other factors. . . . The individual case reserves set by the legal department are then used by the risk management department for a variety of reserve analysis functions, which the special master found were motivated by business planning purposes including budget, profit, and insurance consideration. . . . Searle's business involves [not only health care but] litigation, just as it involves accounting, marketing, advertising, sales, and many other things. A business corporation many engage in business planning on many fronts, among them litigation.

In this case, plaintiff has resisted disclosure of documents based on the work product doctrine. However, plaintiff has not satisfied its burden of establishing that the documents were prepared in anticipation of litigation. Counsel's assertion that they were is not evidence and cannot form the basis for the court's factual determination that the documents are protected by

7

the work product doctrine.  United States v. Stewart, 113 F.3d 12390 (Table) (8th Cir. 1997) (statements of counsel are not evidence); United States v. Hammer, 3 F.3d 266, 271-72 (8th Cir. 1993) (statements of counsel are not evidence), cert. denied, 510 U.S. 1139 (1994).

For a document to be deemed prepared because of the prospect of litigation, it must have been created because of a subjective anticipation of litigation, and the subjective anticipation must have been objectively reasonable; it will not be protected if it would have been prepared in substantially the same manner irrespective of the anticipation of litigation.  United States v. Roxworthy, 457 F.3d 590, 593-600 (8th Cir. 2006).  In order for me to make such a determination, it was necessary to know something about the documents.  At the hearing, no witnesses testified about a subjective anticipation of litigation.  No witnesses testified about the ordinary course of business, about who created the documents and for what reason, about what the documents were used for once created[4].  At the conclusion of the hearing, I read the documents again and again, but I am unable to determine from the face of the documents that they were prepared in anticipation of litigation.  The mere fact that they were prepared after counsel was retained is insufficient; the mere

---

[4]In fact, there was not even a representation by counsel as to any of these factors.

8

fact that some may contain the name of a lawyer or a law firm is insufficient.

Sixteen of the 78 pages of documents at issue here were mistakenly objected to, and plaintiff voluntarily withdrew his objection to their production. Eleven of the 78 pages are earlier versions of documents already in the possession of the defendants and do not contain as much information as the versions possessed by the defendants.

The content of fourteen of the pages, according to plaintiff's counsel, is already possessed by the defendants; however, the way Travelers keeps its records is a trade secret and that is why the objection to these pages was raised. Defendant National Union argued that Bill Schoenborn, a claims adjuster, said during his deposition that he made the entries and his deposition testimony implies that it was made during the ordinary course of business. Defendant KCP&L stated that in its summary judgment motion, Travelers indicated that it did not anticipate making subrogation payments, which is inconsistent with this claim that the document was prepared in anticipation of litigation.

Nothing was said about the document on page 44 of the en camera documents other than that the date at the top is incorrect. There is no evidence about who prepared the document, who has seen or used the document, or what it was for.

9

With respect to the documents with pages numbered 45-63 in the en camera packet, counsel stated that who they were to and from is in the privilege log, and that "these are all documents prepared in anticipation of litigation between KCP&L and Traveler's and the potential subrogation down the road." This non-evidentiary statement by counsel is insufficient to establish that the documents were created in anticipation of litigation, and it gives me absolutely no information about the documents, who used them, what they were used for, when they were used, etc.

### III. CONCLUSION

Because there is no evidence before me to support the claim that these documents were made in anticipation of litigation, and because the work product doctrine does not protect documents from disclosure simply because they may contain an attorney's name or were prepared after an attorney was retained, I find that plaintiff has failed to satisfy its burden of establishing that the documents are nondiscoverable due to the work product doctrine. Because plaintiff has failed to establish that the documents are work product, the burden does not shift to defendant to show that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Therefore, it is

10

ORDERED that the defendant's motion to compel production of documents is granted.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 27, 2008

11